UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HD SUPPLY FACILITIES MAINTENANCE, LTD.,

    Plaintiff,

v.

LEIF BYMOEN, an individual, and AZ PARTSMASTER, INC., an Arizona Corporation,

    Defendants.

2:07-CV-00853-PMP-LRL

ORDER

        Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, this Court certifies to the Nevada Supreme Court the following three questions of law that may be determinative of matters before this Court and as to which there is no clearly controlling precedent in the decisions of the Nevada Supreme Court:

        1. Whether the Nevada rule stated in Traffic Control Services, Inc. v. United Rentals Northwest, Inc., 120 Nev. 168, 172, 87 P.3d 1054, 1057 (2004), that "absent an agreement negotiated at arm's length, which explicitly permits assignment and which is supported by separate consideration, employee non-competition covenants are not assignable," applies when a successor corporation acquires a non-competition covenant as a result of a merger?

        2. Whether the Nevada rule stated in Traffic Control that "absent an agreement negotiated at arm's length, which explicitly permits assignment and which is supported by separate consideration, employee non-competition covenants are not assignable," applies

when a successor corporation acquires a non-solicitation covenant as a result of a merger?

3.  Whether the Nevada rule stated in <u>Traffic Control</u> that "absent an agreement negotiated at arm's length, which explicitly permits assignment and which is supported by separate consideration, employee non-competition covenants are not assignable," applies when a successor corporation acquires a confidentiality covenant as a result of a merger?

**I.  BACKGROUND**

Plaintiff HD Supply Facilities Maintenance, Ltd. ("HD Supply") is "one of the largest and most established maintenance, repair and operations ("MRO") supplies product distribution firms in the United States." (Compl. [Doc. #1] at 3.) Plaintiff is the successor in interest to Hughes Supply, Inc. and Century Maintenance Supply, Inc. ("Century") after a series of mergers. (<u>Id.</u> at 3.)

Century hired Defendant Leif Bymoen ("Bymoen") in April 1997 as a sales representative in Nevada. (<u>Id.</u> at 4.) While employed by Century, Bymoen executed a Confidentiality and Non-Competition Agreement ("Agreement"). (<u>Id.</u>, Ex. A.) The Agreement prohibited Bymoen from disclosing confidential, trade secret, or proprietary information. (<u>Id.</u>, Ex. A at 1.) The Agreement also included a six month covenant not to compete within the market area and a six month prohibition on Bymoen soliciting Century customers with whom Bymoen became acquainted while employed at Century. (<u>Id.</u>) The Agreement was silent on assignability.

Bymoen continued to work for Century and its successors interest, Hughes Supply, Inc. and HD Supply, until September 2006, when Bymoen left HD Supply and took a sales representative position with a competitor, Defendant AZ Partsmaster, Inc. ("AZP"). (<u>Id.</u> at 7.) Plaintiff HD Supply brought suit in June 2007, alleging breach of contract, misappropriation of trade secrets, tortious interference with contractual relations, and breach of fiduciary duty. Plaintiff HD Supply seeks damages, injunctive relief, and attorneys' fees.

2

Defendants moved for partial judgment on the pleadings, arguing that under Nevada law, employee non-compete agreements are not assignable as a matter of law unless the employee consents. Defendants note the Complaint does not allege Bymoen consented to the assignment of the Agreement to Hughes Supply or to HD Supply, and thus argue that HD Supply cannot enforce the Agreement in Nevada, citing <u>Traffic Control</u>. Defendants therefore argue HD Supply's claims for breach of contract and tortious interference with contractual relations fail as a matter of law, and HD Supply also is not entitled to injunctive relief as a matter of law.

Plaintiff HD Supply argues the rule of <u>Traffic Control</u> is limited to corporate transactions in the form of asset purchases, in which the covenants are corporate assets that must be transferred by assignment. HD Supply argues the rule does not apply in the context of a merger, where the corporate assets are vested in the surviving corporate entity by operation of law, without the need for an assignment. HD Supply also argues the rule of <u>Traffic Control</u> is limited to non-competition covenants, and expressly does not apply to covenants of non-soliciation or confidentiality.

The Court on its own motion concludes this matter is suitable for certification to the Nevada Supreme Court, as explained in the Court's Order (Doc. #34) dated December 20, 2007. The matters before the Court include questions of Nevada state law that may be determinative of HD Supply's claims for breach of contract and tortious interference with contractual relations, and that may affect the scope of any injunctive relief to which HD Supply may be entitled.

**II.  NAMES OF THE PARTIES**

Plaintiff HD Supply Maintenance, LTD; and

Defendants Leif Bymoen and AZ Partsmaster, Inc.

**III.  THE NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES**

FORD & HARRISON LLP

3

Dinita L. James
2525 East Camelback Road, Suite 450
Phoenix, Arizona 85016

LEWIS & ROCA LLP
Anthony L. Martin
Lisa Wong Lackland
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Counsel for Plaintiff

And

QUARLES & BRADY LLP
Eric B. Johnson
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391

NEWMAN MORRIS & DACHELET, LTD.
David W. Dachelet
700 Bank of America Plaza
300 S. Fourth Street
Las Vegas, Nevada 89101

Counsel for Defendants.

**IV. ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO A DETERMINATION OF THE QUESTIONS CERTIFIED**

The parties were unable to agree to a form of certification, and specifically disagreed over whether this Court should provide to the Nevada Supreme Court copies of the documents embodying the mergers which resulted in HD Supply being Century's successor in interest. The merger documents were not part of the record before this Court on Defendants' motion for judgment on the pleadings. The Court defers to the Nevada Supreme Court to decide whether it requires the merger documents, or any other evidence, to answer the certified questions.

///

**V. CONCLUSION**

      Having complied with Nevada Rule of Appellate Procedure 5(c)'s provisions, the Court hereby directs the Clerk of the Court to forward this Order and a copy of the Court's Order of December 20, 2007 to the Supreme Court of the State of Nevada, 201 South Carson Street, Carson City, Nevada 89701 under official seal.

DATED:  January 24, 2008

_____
PHILIP M. PRO
United States District Judge